IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASHLEY RUST DIGITAL, INC.,<br>*Plaintiff* | § § § | |
| -vs- | § § | SA-23-CV-01565-XR |
| THE TORONTO-DOMINION BANK, TD BANK USA, NATIONAL ASSOCIATION, PROVIDENT BANKCORP, INC.,<br>*Defendants* | § § § § § § | |

# ORDER

On December 29, 2023, Plaintiff filed an Application for Writ of Garnishment. ECF No. 1. After careful consideration, the Court **GRANTS** Plaintiff's Application.

## BACKGROUND

On May 31, 2023, Plaintiff Ashley Rust Digital, Inc. ("ARD") initiated an action against AutoLotto, Inc. ("AutoLotto") for breach of contract and quantum meruit in the matter styled as *Ashley Rust Digital, Inc. v. AutoLotto, Inc.*, 5:23-cv-701 (W.D. Tex. 2023) ("the underlying action"). On June 6, 2023, ARD filed its Amended Complaint. ECF No. 3. AutoLoan failed to file an Answer or otherwise respond to ARD's Amended Complaint. Accordingly, Judge Fred Biery entered a default judgment ("the Judgment") on August 31, 2023 in favor of ADR against AutoLotto in the amount of $172,935.46, as well as costs of court and pre- and post-judgment interest. ECF No. 10 at 2–3. The Judgment also awarded attorney's fees in the amount of $13,350. *Id.* at 3.

On December 29, 2023, ADR commenced this action by filing an application for writ of garnishment against three financial institutions—the Toronto-Dominion Bank ("TD Bank"); TD Bank, National Association ("TD Bank, N.A."); and Provident Bancorp, Inc. ("Provident

1

Bancorp") (collectively, "Defendants" or "Garnishees")—to satisfy the Judgment in the underlying action. ECF No. 1. In support of this application, Plaintiff submitted a declaration from the Chief Executive Officer of ADR, Ashley Rust, alleging upon information and belief that the Garnishees hold money belonging to AutoLotto. ECF No. 1-1 at 3.

## LEGAL STANDARD

Plaintiff filed the instant application for Writ of Garnishment pursuant to Federal Rule of Civil Procedure 64, Texas Rule of Civil Procedure 658, and Texas Civil Practice and Remedies Code Chapter 63. ECF No. 1 at 1. "As actions supplemental to or in aid of execution . . . garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Associates, LLC v. République du Congo*, 455 F.3d 575, 595 (5th Cir. 2006) (citing FED. R. CIV. P. 69). Thus, writs of garnishment are ordinarily governed by state substantive and procedural law. *See Licea v. Curacao Drydock Co.*, 952 F.3d 207, 212 (5th Cir. 2015) (holding "both [the] substantive and procedural" law "of the state where the federal court sits" govern writs of garnishment).

The Texas statute governing writs of garnishment provides that such a writ is available if "a plaintiff has a valid subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001(3). A judgment "shall be deemed final and subsisting for the purpose of garnishment from and after the date it is signed, unless a supersedeas bond shall have been approved and filed." TEX. R. CIV. P. 657. An application for a writ of garnishment may be filed as a separate action against the garnishee. *See* TEX. R. CIV. P. 659.

**DISCUSSION**

Plaintiff requests that the Court issue a writ of garnishment against each of the Defendants in the maximum amount of $186,285.46. ECF No. 1 at 4. In support of this figure, Plaintiff points to the Judgment in the underlying action, awarding Plaintiff $172,935.46 in liquated damages and $13,350 in reasonable and necessary attorneys' fees. Nothing in the record indicates that a supersedeas bond has been approved or filed to suspend execution of the Judgment. Plaintiff has thereby identified a "valid subsisting judgment" pursuant to Tex. Civ. Prac. & Rem. Code § 63.001(3).

Further, Plaintiff has also submitted an affidavit from Rust stating that "[u]pon information and belief," the Garnishees are "indebted to [AutoLoan] and that they have, in their custody and control, money belonging to [Autoloan]." ECF No. 1-1 at 4. The affidavit affirms "[t]o the best of my knowledge, Lottery.com [AutoLotto] does not possess property in the State of Texas subject to execution sufficient to satisfy the debt currently owed." ECF No 1-1 at 4. This statement entitles Plaintiff to a writ of garnishment. *See DAP Fin. Servs., Inc. v. BankOne Tex., N.A.,* No. 96-cv-2797, 1997 WL 148026, at *1 (N.D. Tex. Mar. 24, 1997) ("To obtain a writ of garnishment, a creditor need only swear that to his knowledge the debtor does not have sufficient property in Texas to satisfy the judgment.").

Finding that Plaintiff has met all the requirements of § 63.001(3) of the Texas Civil Practice and Remedies Code, the Court concludes that Plaintiff has complied with the state's requirements for issuance of a writ of garnishment and is therefore entitled to such relief.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application for Writ of Garnishment (ECF No.1) is **GRANTED.**

The Clerk's office shall issue Writs of Garnishment against Garnishees (i) Toronto-Dominion Bank, (ii) TD Bank, National Association, and (iii) Provident Bancorp, Inc. The maximum value of the property or indebtedness that may be garnished may not exceed the unsatisfied amounts awarded in the Judgment in the underlying action: $186.285.46, plus all costs of court and pre- and post-judgment interest.

It is so **ORDERED**.

**SIGNED** this 9th day of February, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE